UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL 10 2013
Clerk, U.S. District and
Bankruptcy Courts

RAYMOND SANDERS, )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 13-1043
 )
CATHY LANIER, *et al.*, )
 )
      Defendants. )

## MEMORANDUM OPINION

This matter comes before the Court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint.

Plaintiff alleged that, on September 26, 2012, he "was hit (as a pedestrian) by a vehicle and [his] left leg was pinned to a parked truck." Compl. ¶ 1. Although the driver "got out of his vehicle [and] engaged in brief conversation" with plaintiff, he drove away from the scene. *Id.* ¶ 2. Plaintiff was taken by ambulance to a local hospital where he received treatment for his injured leg. *Id.* ¶¶ 7-8. Even though plaintiff recognized the driver, *see id.* ¶ 14, provided the Metropolitan Police Department ("MPD") with the vehicle's tag number, *see id.* ¶ 12, and located the vehicle himself, *see id.*, ¶¶ 16, 23, 27, no arrest was made. Instead, MPD "interviewed the driver and passenger of [the] vehicle and chose to believe their version of what occurred." *Id.* ¶ 60. According to plaintiff, defendants not only "were grossly negligent in their action/lack of action toward plaintiff's injury," *id.* ¶ 48, but also "effectively denied [him] due process in that . . . plaintiff's case did not receive a fair and objective investigation to determine the cause and nature of plaintiff's injury." *Id.* ¶ 49; *see id.* ¶ 56. In addition, plaintiff alleged that

"[d]efendants' denial of due process, gross negligence and racial and social discrimination has caused plaintiff much emotional pain, depression and sleepless nights." *Id.* ¶ 64. He demands compensatory and punitive damages totaling $1 million. *Id.* ¶ 65.

Plaintiff brings this action against the Mayor of the District of Columbia and the Chiefs of the Metropolitan Police Department and the Fire and Emergency Medical Services Department under 42 U.S.C. § 1983, alleging violations of his constitutional rights to due process and equal protection. *See* Compl. at 2 (page number designated by plaintiff). The Court presumes that plaintiff sues these defendants in their official capacities only, and therefore proceeds as if this action were brought against the District of Columbia directly. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . [g]enerally represent only another way of pleading an action against an entity of which an officer is an agent.").

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). A municipality such as the District of Columbia "can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 694 (1978)). In other words, the District of Columbia "may not be sued under § 1983 for an injury inflicted solely by its employees or agents;" only "when execution of a government's policy or custom . . . inflicts the injury" is "the government as an entity responsible under § 1983." *Monell,* 436 U.S. at 694.

Plaintiff's first duty is to allege the violation of a constitutional right. Although he alleges the denial of due process, plaintiff articulates no protected liberty or property interest in the police action he demands. He "do[es] not have a property interest in police protection generally, or even in the detention or arrest of a particular individual, because the well-established tradition of police discretion allows officers to decide whether and when to make an arrest." *Johnson v. District of Columbia*, No. 03-2548, 2006 WL 2521241, at *5 (D.D.C. Aug. 30, 2006) (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760-61 (2005)) (internal quotation marks omitted). Nor does plaintiff set forth any factual allegations to support a claim of discrimination based on race with respect to the defendants' actions. *See Washington v. Davis*, 426 U.S. 229, 241 (1976) (finding that a showing of discriminatory purpose is necessary to bring a claim of racial discrimination under the equal protection component of the Due Process Clause of the Fifth Amendment or under the Equal Protection Clause of the Fourteenth Amendment). Assuming without deciding that plaintiff alleges constitutional violations, his claims still fail because he does not allege the existence of a municipal policy or custom, the application of which violated a constitutional right.

Plaintiff is no more successful in pursuing negligence claims against the District of Columbia. "It is clear under [District of Columbia] law that the duty to investigate crime is owed to the public, not to any specific person." *McGaughey v. District of Columbia*, 684 F.3d 1355, 1358 (D.C. Cir. 2012) (citing *Nichol v. District of Columbia*, 444 A.2d 1, 3 (D.C.1981) (en banc)). "Because an officer's duty is to the public, his subsequent 'failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed, if at all, in some form of public prosecution.'" *Morgan v. District of Columbia*, 468

A.2d 1306, 1310-11 (D.C. 1983) (en banc) (quoting 2 Cooley, Torts § 300 at 385-86 (4th ed. 1932) (citation and footnotes omitted)).

The Court concludes that the complaint fails to state a claim upon which relief can be granted. Accordingly, the complaint and this civil action will be dismissed without prejudice. An Order accompanies this Memorandum Opinion.

DATE: 7/2/2013

_____
United States District Judge